Luke Hasskamp (280872)
luke.hasskamp@bonalawpc.com
Jarod Bona (234327)
jarod.bona@bonalawpc.com
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589

*Local Counsel for Plaintiff*

Jeffrey Redfern
(*phv* application forthcoming)
jredfern@ij.org
Suranjan Sen
(*phv* application forthcoming)
ssen@ij.org
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
703.682.9320

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carlos Pena,<br><br>   *Plaintiff,*<br>  v.<br><br>City of Los Angeles, California,<br><br>   *Defendant.* | Case No.:<br><br>**Complaint for Compensatory Damages** |

## INTRODUCTION

1.    This lawsuit seeks compensation, under the United States Constitution, for the intentional destruction of private property for public use by the City of Los Angeles (the "City").

2.    Plaintiff Carlos Pena has owned and operated a business called NoHo Printing & Graphics for over 30 years. For the last 13 of those years, he ran his business out of a shop at 5009 Lankershim Boulevard, North Hollywood, California.

3.    On August 3, 2022, the Los Angeles police were pursuing a fugitive near Mr. Pena's shop. While attempting to evade the police, the fugitive forced his way inside the shop, violently threw Carlos out the door, and barricaded himself inside. The City's SWAT team then surrounded Carlos's shop and ordered him to remain outside.

4.    Eventually, the SWAT team assaulted the store in an effort to subdue the fugitive. They fired dozens of tear gas cannisters that tore through the walls, doors, roof, and windows. The resulting teargas permeated the entire shop, ruining virtually everything inside and rendering it uninhabitable. The estimated cost of repairs exceeds $60,000. The damage is excluded from Carlos's insurance coverage, which like most policies does not cover damage caused by the government. Carlos has repeatedly requested compensation from the City (the first time immediately after the incident, the second time shortly before filing this complaint), to no avail. Unable to afford the repairs to his shop, Carlos's shop is still closed—nearly one year later. His livelihood—a business that he spent decades building and which he hoped to pass on to his son—has been destroyed.

5.    When the government intentionally or foreseeably destroys an innocent person's private property to accomplish a public good, the Fifth Amendment to the United States Constitution requires that the government give just compensation for that damage. Thus, although Carlos does not question the

1

Complaint for Compensatory Damages

City's officers' decision to destroy his property, he is nevertheless entitled to compensation for that damage.

## JURISDICTION AND VENUE

6.    Plaintiff brings this civil-rights lawsuit pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and 28 U.S.C. § 1983.

7.    Under *Knick v. Township of Scott*, 139 S. Ct. 2162, 2179 (2019), this claim is ripe, and Plaintiff is not required to exhaust state remedies prior to filing this action.

8.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

9.    Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and because a substantial part of the events giving rise to this complaint occurred in this District.

## PARTIES

10.    Plaintiff Carlos Pena is a citizen of the State of California.

11.    Defendant City of Los Angeles is a municipal corporation in Los Angeles County, California.

## FACTUAL ALLEGATIONS

12.    For over 30 years, Plaintiff Carlos Pena has owned and operated a print shop called NoHo Printing & Graphics.

13.    Carlos printed a wide range of products, including: commercial signs and banners, T-shirts and hats, head shots (for actors and models), business cards, and even simple photocopies.

14.    He also offered personal graphic design services—for instance, designing logos for businesses.

15.    He has served a wide range of clients, from large businesses that place repeat orders, to frequent walk-in customers with small orders.

Complaint for Compensatory Damages

16. Walking around his neighborhood, Carlos can see his work displayed everywhere, in front of businesses and in shop windows, and he is proud of the impact he has had on his community.

17. Producing high quality prints on a wide variety of items requires a great deal of expensive equipment, including high volume motorized paper cutters, banner printers, high-volume color printers, and more. Many of Carlos's machines cost tens of thousands of dollars.

18. For the last 13 years, until August 3, 2022, Carlos operated his business out of a location in North Hollywood, at 5009 Lankershim Boulevard.

19. On the afternoon of August 3, 2022, Carlos was working inside his shop when he heard loud noises outside.

20. When Carlos opened his shop door to investigate, he was astonished to see a man running towards him, pursued by U.S. Marshals with weapons drawn.

21. Before he could react, the man struck Carlos on the shoulder and tossed him out of the shop, then slammed the door shut.

22. The U.S. Marshals ordered Carlos to stay back while they surrounded the building.

23. Later, officers from the Los Angeles Special Weapons and Tactics (SWAT) team arrived and took over the siege from the U.S. Marshals.

24. Attempting to subdue the fugitive, the City's SWAT team eventually assaulted Carlos's shop.

25. As part of that assault, the City's officers fired more than thirty rounds of teargas cannisters into the shop.

26. Those cannisters emitted toxic gas that permeated the shop.

27. After a total of thirteen hours, the City's officers entered the shop and discovered that the fugitive had somehow escaped.

28. The damage to Carlos's shop was (and is) extensive.

3

Complaint for Compensatory Damages

29. The teargas cannisters tore through the walls, roof, and doors of Carlos's shop.

30. The gas itself rendered the shop uninhabitable until a hazmat remediation team could clean it.

31. Moreover, the gas ruined virtually everything inside the shop—anything with porous surfaces (e.g., wood, paint, cloth) or motors (e.g., electronics) was destroyed or seriously damaged.

32. All of his inventory was destroyed.

33. The specialized commercial printing equipment that was essential to Carlos's business was both very expensive and very fragile.

34. Many of Carlos's machines could not be repaired. Others could be repaired only at great cost.

35. The total cost of the damage—which includes replacing lost inventory, repairing damaged equipment, and replacing destroyed equipment with second-hand models—is at least $60,000.

36. Carlos's insurance provider told him that the damage would not be covered because his policy—as is common—excludes damage caused by the government.

37. Shortly after the assault, in August 2022, Carlos requested compensation from the City.

38. The City never formally responded to that request.

39. Mr. Pena next contacted the City by telephone around April 2023, but he was simply told "sorry, we're not liable."

40. Then, in June 2023, Carlos again requested compensation from the City.

41. The City did not respond to his request, and Carlos has still not received a formal denial from the City.

Complaint for Compensatory Damages

42. Starting in January 2023, Carlos has been able to resume operating his business at a fraction of its prior capacity.

43. He operates out of his garage with a single, second-hand printer that a generous individual sold him at a steep discount.

44. Without the full suite of functioning equipment that he previously owned, he cannot operate as a full-service print shop.

45. He cannot do the same volume of business that he did before because he now must manually do much of the work that his destroyed machines could do automatically (such as collating copies, cutting paper, and printing hats and t-shirts).

46. With his current setup, there are some jobs he simply cannot do, such as large banners, envelopes, anything requiring lamination, and shrink wrapping.

47. Carlos cannot afford to replace most of his equipment.

48. Additionally, because Carlos no longer has a convenient storefront location, he has lost all of his walk-up business, which was once significant.

49. Consequently, Carlos has lost months of revenue while his shop is closed, and he is continuing to lose revenue each day his shop remains closed.

50. Carlos fears that the longer his business is closed, the harder it will be to reacquire his once-loyal customer base.

51. Carlos had hoped to pass his business on to his son eventually.

52. Carlos feels that his life's work has been nearly destroyed and that he is starting from scratch.

53. Carlos does not question the City's officers' determination that the public good required the destruction of his shop, but he does not believe that he should be left to bear the resulting costs.

## INJURY TO PLAINTIFF

54. The City caused approximately $60,000 of damage to Carlos Pena's property.

Complaint for Compensatory Damages

55. The City's continued failure to compensate Mr. Pena has caused him to suffer significant lost revenue, and that injury increases each day that Carlos is unable to reopen.

## CLAIM

## Count I

## (28 U.S.C. § 1983; Fifth Amendment to the U.S. Constitution: Taking of Private Property Without Just Compensation)

56. The Fifth Amendment to the United States Constitution provides that "private property [shall not] be taken for public use, without just compensation."

57. This requirement has been incorporated against the states via the Fourteenth Amendment. *Chi., Burlington, & Quincy R.R. v. City of Chicago*, 166 U.S. 226 (1897).

58. The Takings Clause, including its Just Compensation provision, is not limited to government action that directly appropriates private property for public use; it also applies to government action that intentionally or foreseeably destroys private property for public use. *Pumpelly v. Green Bay & Miss. Canal Co.*, 80 U.S. 166 (1871).

59. These provisions ensure that government does not force "some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *Armstrong v. United States*, 364 U.S. 40, 49 (1960).

60. Apprehending a dangerous fugitive is in the public interest, and "in all fairness and justice," the cost of apprehending such fugitives should be borne by the public, and not by an unlucky and entirely innocent property owner.

61. The City's officers intentionally or foreseeably destroyed Mr. Pena's shop for the public purpose of apprehending a fugitive.

62. The City, under color of law, failed to compensate Mr. Pena for that destruction.

Complaint for Compensatory Damages

63. The City's failure to promptly compensate Mr. Pena has caused him ongoing financial injury due to his inability to fully operate his business. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 717 (1999) ("When the government repudiates this duty . . . by denying just compensation . . . it violates the Constitution. In those circumstances the government's actions are not only unconstitutional but unlawful and tortious as well.").

64. This constitutional claim is brought under both 28 U.S.C. § 1983 and the incorporated Fifth Amendment itself, which is self-executing. *Knick*, 139 S. Ct. at 2171.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief as follows:

A. Compensatory damages to include costs of repairing Mr. Pena's shop, as well as revenues Mr. Pena has lost (and continues to lose) being unable to re-open his shop.

B. An award of reasonable attorney's fees and costs under 28 U.S.C. § 1988 against Defendant.

C. All further legal and equitable relief as the Court may deem just and proper.

Dated: July 19, 2023

/s/ Luke Hasskamp
Luke Hasskamp
luke.hasskamp@bonalawpc.com
Jarod Bona
jarod.bona@bonalawpc.com
BONA LAW PC
4275 Executive Square, Suite 200
La Jolla, CA 92037
858.964.4589

*Local Counsel for Plaintiff*

Jeffrey Redfern (*phv* forthcoming)
jredfern@ij.org

7

Complaint for Compensatory Damages

Suranjan Sen (*phv* forthcoming)
ssen@ij.org
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
703.682.9320

*Counsel for Plaintiff*

Complaint for Compensatory Damages