UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 23-5821-JFW(MAAx)** | Date: January 5, 2024 |

Title: Carlos Pena -v- City of Los Angeles, California

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None

**PROCEEDINGS (IN CHAMBERS):**     ORDER DENYING DEFENDANT CITY OF LOS ANGELES'S MOTION FOR JUDGMENT ON THE PLEADINGS [filed 11/27/23; Docket No. 31]

       On November 27, 2023, Defendant City of Los Angeles ("Defendant") filed a Motion for Judgment on the Pleadings ("Motion"). On December 18, 2023, Plaintiff Carols Pena ("Plaintiff") filed his Opposition. On December 22, 2023, Defendant filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's January 8, 2024 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

       On July 19, 2023, Plaintiff filed a Complaint for Compensatory Damages ("Complaint") against Defendant, alleging a claim for the taking of private property without just compensation in violation of the Fifth Amendment pursuant to 42 U.S.C. § 1983.[1] Plaintiff owned and operated NoHo Printing & Graphics in North Hollywood, California for over thirty years. In his Complaint, Plaintiff alleges that on August 3, 2022, a fugitive who was being pursued by law enforcement officers forced his way inside of Plaintiff's business in an attempt to evade the authorities. The fugitive then violently threw Plaintiff out of the business and barricaded himself inside. After a thirteen-hour standoff, the Los Angeles Police Department ("LAPD") SWAT team entered Plaintiff's business in an attempt to capture the fugitive. The LAPD SWAT team fired dozens of tear gas canisters, which caused damage to the walls, doors, roof, and windows of Plaintiff's business. In addition, the tear gas permeated the entire

---

[1] In the Complaint, Plaintiff mistakenly cites to 28 U.S.C. § 1983 instead of 42 U.S.C. § 1983.

business, causing extensive damage.  According to Plaintiff, the estimated cost of repairs exceeds $60,000, and is not covered by insurance.  Plaintiff alleges that he has sought compensation from Defendant, and Defendant not only failed to compensate him, but failed to even acknowledge his requests for compensation.

## II.     Discussion

In its Motion, Defendant seeks a order dismissing Plaintiff's Complaint on the grounds that Plaintiff's claim for the taking of private property without just compensation in violation of the Fifth Amendment fails as a matter of law pursuant to *Baker v. City of McKinney, Texas*, 84 F.4th 378 (5th Cir. 2023), and *Lech v. Jackson*, 791 Fed. Appx. 711 (10th Cir. 2019).  In the alternative, Defendants seeks a stay of this action in the event that this Court concludes that a final resolution of the *Baker* action is necessary to decide this Motion.  A petition for *en banc* review of the Fifth Circuit's opinion in the *Baker* action is pending before the Fifth Circuit, and Defendant anticipates that after that petition is decided, the unsuccessful party will seek review in the United States Supreme Court.  In his Opposition, Plaintiff argues that this Court is not bound to follow *Baker* and *Lech* and that *Baker* and *Lech* are wrongly decided.  Plaintiff also argues that this case should not be stayed based on future decisions in the *Baker* action.

### A.     Defendant's Motion for Judgment on the Pleadings is Denied

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings.  *See* Fed. R. Civ. P. 12(c).  "A Rule 12(c) motion is functionally identical to a motion pursuant to Fed. R. Civ. P. 12(b)(6)." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)).  "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)).  As with motions brought pursuant to Rule 12(b)(6), in addition to assuming the truth of the facts plead, the court must construe all reasonable inferences drawn from those facts in the nonmoving party's favor.  *See Lonberg*, 300 F. Supp. 2d at 945; *see also Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (internal citations omitted).

The Court finds the issues raised by Defendant in its motion for judgment on the pleadings are more appropriately resolved on a motion for summary judgment.  Accordingly, Defendant's motion for judgment on the pleadings is denied.

### B.     Defendant Has Failed to Demonstrate That It Is Entitled to a Stay

The Court's power to stay its proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In exercising its discretion to grant or deny a stay of a pending action, courts should consider "competing interests" that include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course

of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). In addition, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). The proponent of a stay has the burden of proving that a stay is justified. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

The Court concludes that Defendant has failed to meet its burden of demonstrating that a stay is justified. Specifically, the Court concludes that a stay of this action pending resolution of the petition for hearing *en banc* of the Fifth Circuit's opinion in *Baker v. City of McKinney, Texas*, 84 F.4th 378 (5th Cir. 2023), and a possible Supreme Court review would result in an unreasonable delay and would not promote judicial economy. The Court concludes that there is no certainty that either party in the *Baker* action will file a petition for a writ of certiorari after the Fifth Circuit rules on the pending petition for hearing *en banc*. In addition, even if a petition for a writ of certiorari is eventually filed in the *Baker* action, it is highly unlikely that the Supreme Court will grant review. More importantly, as Plaintiff points out, the Fifth Circuit's opinion in *Baker v. City of McKinney, Texas*, 84 F.4th 378 (5th Cir. 2023), is not binding on this Court and, as a result, staying this action pending future decisions in the *Baker* action will unnecessarily delay the resolution of this action. In addition, the Court concludes that although the denial of a stay will not prejudice Defendant, a stay will greatly prejudice Plaintiff. According to Plaintiff, and it appears undisputed, the LAPD SWAT team caused extensive damages to his business on August 3, 2022, which has severely interfered with his ability to operate his business and earn a livelihood. Moreover, Defendant has failed to compensate Plaintiff for that damage, or even acknowledge his requests for compensation. To the extent Plaintiff is entitled to compensation for the purported damage caused by the LAPD SWAT team, a stay of this action will unnecessarily delay payment of that compensation.

Accordingly, Defendant's motion for a stay is denied.

### C.     Defendant's Motion is Denied for Defendant's Failure to File a Proposed Statement of Decision

The Court's Standing Order, filed July 21, 2023 (Docket No. 9), provides in relevant part: "Within two days of the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record." Standing Order, § 5(f). Defendant failed to timely file and still has not filed the required Proposed Statement of Decision.

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion." Standing Order, § 5(f). Accordingly, Defendant's Motion is also denied for Defendant's failure to file a Proposed Statement of Decision.

### III.    Conclusion

For all the foregoing reasons, Defendant's Motion is **DENIED**.

IT IS SO ORDERED.